GOLDSMITH *et al. v.* BROWN *et al.*

(*Circuit Court, E. D. Missouri, E. D.* February 8, 1888.)

COURTS—FEDERAL JURISDICTION—STATE COURTS—JUDGMENT BY CONFESSION—POWER TO DECLARE AS AN ASSIGNMENT.

A federal court cannot decree a judgment by confession, regularly entered in a state court, to be an assignment for the benefit of creditors.

In Equity. Upon demurrer to the bill.

Complainants filed a bill in the United States circuit court for the Eastern division of the Eastern judicial district of Missouri, the purpose of which was to have a judgment by confession entered in the circuit court of the state decreed to be a voluntary assignment for the benefit of all the creditors of the judgment debtor, and asking to have the moneys which had been collected by execution under such judgment distributed *pro rata* among all the creditors of the judgment debtor, according to the provisions of the assignment laws of the state of Missouri. The bill was demurred to. In the course of the argument an unreported oral decision of Mr. Justice MILLER, overruling a motion for rehearing in the case of *Weil* v. *Polack*, 30 Fed. Rep. 813, was referred to by counsel.

*A. Binswanger*, for complainants.

*Nathan Frank*, for defendants.

THAYER, J., (*orally*.) With reference to the statement of counsel as to the rulings of Justice MILLER, applicable to the question now under consideration, I will say that there is no doubt that Justice MILLER meant to decide, and did decide, in *Weil* v. *Polack*, that there can be no such

thing as a decree in the federal courts to the effect that a judgment by confession, regularly entered in a state court, is an assignment. A judgment of that kind has the same force and effect as if it had been regularly entered after a trial and contest, and it is equally binding on the parties. It cannot be interfered with by this court. A person who has levied on property under a judgment of that kind, and sold the property, is entitled to hold the proceeds until the judgment is set aside for fraud, or on some other ground, or by motion in the state court, because of some defect in the proceeding.

*Mr. Binswanger.* Does your honor hold that Justice MILLER went beyond the rulings of your honor in *Weil* v. *Polack?*

*The Court.* I think he clearly overruled the case of *Clapp* v. *Nordmeyer,* 25 Fed. Rep. 72, and all the cases in the federal courts of this state that have undertaken to construe or decree a judgment of a state court to be an assignment. The state laws authorize confessions of a judgment as well as voluntary assignments. A confessed judgment is something entirely different from an assignment, and, in my opinion, such judgments can only be attacked for the same reasons that you can attack an ordinary judgment; that is, for fraud, or on account of some irregularity in the proceeding. I have several times, since Justice MILLER overruled the motion for a rehearing in *Weil* v. *Polack,* (thereby overruling *Clapp* v. *Nordmeyer,*) announced that bills could no longer be entertained in the federal court to declare that a confession of judgment was a voluntary assignment. Judge BREWER, I am very certain, understands the effect of that decision the same as I do.

*Mr. Binswanger.* I understood Justice MILLER's decision to mean that a confession of judgment will not be regarded as a deed of assignment, unless it is an evasion of the state law, and is followed by a deed of assignment on the same day.

*The Court.* No; he didn't state any such exception to the rule. He held broadly that a confession of judgment could not be construed as an assignment, and enforced as such. You may have such a judgment annulled for fraud in a proper proceeding, or set aside for irregularity; but you cannot obtain a decree declaring it to be something entirely different from a judgment and enforcing it as such. I will sustain the demurrer to your bill.